1   Jeffrey Topor (CA Bar No. 195545)
    Simmonds & Narita LLP
2   44 Montgomery Street, Suite 3010
    San Francisco, CA  94104
3   Phone: (415) 283-1000
    Fax: (415) 352-2625
4   E-mail: jtopor@snllp.com

5   Alan D. Leeth (CA Bar No. 199226)
    Burr & Forman LLP
6   420 North 20th Street
    Suite 3400
7   Birmingham, AL 35203
    Phone: (205) 458-5499
8   Fax: (205) 244-5670
    E-mail: aleeth@burr.com
9
    *Attorneys for Plaintiff*
10

11       **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  **HONG KONG ORIENTAL IMPORT**        )   Civil Action No. _____
    **AND EXPORT CO. LTD.,**             )
14  **Plaintiff,**                       )   **COMPLAINT**
                                         )
15            **v.**                     )
                                         )
16  **CAL PACIFIC LIMITED INC.,**        )
    **Defendant,**                       )
17

18

19

20

21

22

23

# COMPLAINT

Plaintiff, Hong Kong Oriental Import and Export Co. Ltd. ("Oriental"), sues Defendant, Cal Pacific Limited Inc. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

This is an action involving claims for breach of contract, conversion, unfair competition, and unjust enrichment arising out of a purchase of movable goods.

## II. PARTIES

1. Oriental is a corporation incorporated under the laws of Hong Kong with its principal place of business in the People's Republic of China.

2. Defendant is a corporation incorporated under the laws of California with its principal place of business in South San Francisco, California.

3. Defendant may be served with process by serving its registered agent: Mr. Alan A. Gallegos, 224 Brentwood Drive, South San Francisco, CA 94080.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because Oriental is a citizen of a foreign state, Defendant is a citizen of California, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391, because Defendant resides in this District, a substantial part of the events giving rise to Oriental's claims occurred in this District, and Defendant transacts business in this District.

## IV.     FACTS

**THE CONTRACTS FOR ORIENTAL'S PURCHASE OF ALMONDS FROM DEFENDANT**

6.     In April and May, 2014, Oriental and Defendant signed three sales contracts (collectively, the "Contracts").

7.     The first contract, labeled CP51123, obligated Defendant to ship thirty (30) containers of almonds (a total of 1,350,000 pounds of almonds) to Oriental ("Contract CP51123"). Contract CP51123 obligated Oriental to pay a price of $2.54 per pound of almonds. The total value of Contract CP51123 was $3,429,000.00. Contract CP51123 obligated Oriental to pay a deposit of $240,000.00. A true and correct copy of Contract CP51123 is attached as Exhibit "A," and incorporated by this reference.

8.     The second contract, labeled CP51127, also obligated Defendant to ship thirty (30) containers of almonds (a total of 1,350,000 pounds of almonds) to Oriental ("Contract CP51127"). Contract CP51127 obligated Oriental to pay a price of $2.53 per pound of almonds. The total value of Contract CP51127 was $3,415,500.00. Contract CP51127 also obligated Oriental to pay a deposit of $240,000.00. A true and correct copy of Contract CP51127 is attached as Exhibit "B," and incorporated by this reference.

9.     The third contract, labeled CP51130, also obligated Defendant to ship thirty (30) containers of almonds (a total of 1,350,000 pounds of almonds) to Oriental ("Contract CP51130"). Contract CP51130 obligated Oriental to pay a price of $2.58 per pound of almonds. The total value of Contract CP51130 was $3,483,000.00. Contract CP51130 also obligated Oriental to pay a deposit of $240,000.00. A true and correct copy of Contract CP51130 is attached as Exhibit "C," and incorporated by this reference.

10. In total, the Contracts obligated Defendant to ship a total of ninety (90) containers of almonds to Oriental. The total value of the Contracts was $10,327,500.00. The Contracts obligated Oriental to pay a total deposit of $720,000.00 to Defendant.

**ORIENTALS' PERFORMANCE OF ITS CONTRACTUAL OBLIGATIONS**

11. On May 5, 2014, pursuant to the terms of the Contracts, Oriental transferred $240,000.00 to Defendant's bank account.

12. On May 12, 2014, pursuant to the terms of the Contracts, Oriental transferred $240,000.00 to Defendant's bank account.

13. On June 3, 2014, pursuant to the terms of the Contracts, Oriental transferred $240,000.00 to Defendant's bank account.

14. In total, Oriental transferred to Defendant $720,000.00, the full amount of the deposits that the Contracts required Oriental to forward.

**ORIENTAL'S CONTRACTS TO SELL THE ALMONDS THAT ORIENTAL PURCHASED FROM DEFENDANT**

15. After entering into the Contracts to purchase almonds from Defendant, Oriental entered into contracts to sell those almonds to purchasers in China.

16. Defendant knew or had reason to know that Oriental contracted to purchase almonds from Defendant for the sole purpose of reselling the same almonds to purchasers in China.

17. As was standard in the Chinese almond industry, Oriental's contracts with purchasers in China included liquidated damages clauses. These liquidated damages clauses provided that if either party to the contract breached the contract, the breaching party would be required to pay damages to the non-breaching party.

18. Defendant had past dealings with Chinese and Hong Kong resellers and knew or had reason to know that Oriental's contracts to resell the almonds contained liquidated damages provisions.

### DEFENDANT'S BREACH OF THE CONTRACTS

19. On October 22, 2014, Defendant communicated to Oriental that Defendant would not perform its obligations under the contract.

20. To date, Defendant has not provided any almonds to Oriental.

### PARTIAL REFUND

21. On November 15, 2014, Defendant paid $240,000.00 to Oriental.

22. On November 20, 2014, Oriental demanded that Defendant return the remainder of the deposits. After that date, Oriental repeated its demands that Defendant return the remainder of the deposits.

23. To date, Defendant has paid to Oriental a total of only $240,000.00. Defendant has failed to return and refused to return the remaining $480,000.00 of Oriental's deposit, despite demand therefor.

### ORIENTAL'S LIQUIDATED DAMAGES

24. Since Defendant failed to perform its obligations under the Contracts, Oriental was unable to timely provide almonds to its Chinese purchasers and incurred damages and liabilities under the liquidated damages provisions of its sales contracts that exceed the amount of $975,410.00.

### ORIENTAL'S LOST PROFITS

25. Oriental's contracts to sell almonds to customers in mainland China would have allowed Oriental to make a profit.

26. As a result of Defendant's failure to perform its obligations under the Contracts, Oriental suffered lost profits that exceed the amount of $391,508.00.

### ORIENTAL'S COVER

27. Within one month after Defendant failed to perform and made it clear that it would not perform its obligations under the Contracts, Oriental entered into contracts to purchase almonds from other American suppliers of almonds.

28. These suppliers provided almonds of a quality comparable to that of the almonds that Oriental contracted to purchase from Defendant.

29. The price at which Oriental purchased almonds from other American suppliers was $1,673,000.00 higher than the price at which Defendant contracted to sell almonds to Oriental.

### V.   CLAIMS FOR RELIEF

### COUNT I - BREACH OF CONTRACT

30. Oriental realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 29, above, as if fully set forth herein.

31. Oriental has fully performed all conditions of the Contracts.

32. Commencing on or about November 2014, and continuing thereafter, Defendant has breached the terms of the Contracts by failing and refusing to ship any almonds to Oriental.

33. Despite Oriental's timely notice of this breach, Defendant has failed and refused to cure Defendant's breach.

34. As a direct and proximate result of Defendant's conduct, Oriental has suffered damages.

1   WHEREFORE, Oriental demands judgment against Defendant in the amount of $3,519,918.00, and such other and further relief as may be just, proper, and allowable, including Oriental's pre-judgment and post-judgment interest and the costs of this suit.

## COUNT II - CONVERSION

35.   Oriental realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34, above, as if fully set forth herein.

36.   Oriental owns and is entitled to possession of the $480,000.00 deposit that Oriental transferred to Defendant.

37.   Defendant currently has possession of the $480,000.00 deposit.

38.   Despite Oriental's repeated demands, Defendant has failed to return and refuses to return the $480,000.00 deposited with Defendant.

39.   Defendant has no right to maintain possession of Oriental's deposit, and Defendant's refusal to return the deposit is without legal justification.

40.   As a direct result of Defendant's conversion of Oriental's property, Oriental has suffered damages.

WHEREFORE, Oriental demands judgment against Defendant in the amount of $480,000.00 and such other and further relief as may be just, proper, and allowable, including Oriental's pre-judgment and post-judgment interest and the costs of this suit.

## COUNT III - STATUTORY UNFAIR COMPETITION

41.   Oriental realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 40, above, as if fully set forth herein.

42.   California Business and Professions Code § 17200 prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice."

43. To date, Defendant has failed to return the remaining $480,000.00 deposit that Oriental paid.

44. Oriental has made repeated demands for Defendant to return the deposit.

45. Defendant's continuing failure to return the deposit that Oriental paid in May and June of 2014 for goods that Defendant never provided is an unlawful, unfair, and fraudulent business practice prohibited by California Business and Professions Code §§ 17200, *et seq.*

46. As a direct and proximate result of Defendant's violation of California Business and Professions Code §§ 17200, *et seq.*, Oriental has suffered damages in an amount to be proven at trial.

WHEREFORE, Oriental demands judgment against Defendant for restitution, injunctive relief, and such other and further relief as may be just, proper, and allowable, including Oriental's pre-judgment and post-judgment interest and the costs of this suit.

### COUNT IV - UNJUST ENRICHMENT

47. Oriental realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 46, above, as if fully set forth herein.

48. Because Defendant failed to perform its obligations under the Contracts, Oriental is entitled to a full refund of all its deposits to Defendant.

49. After failing to perform its obligations under the Contracts, Defendant knowingly retained Oriental's deposits.

50. Defendant has failed to remit to Oriental all of Oriental's deposits, and Defendant retained those deposits for itself.

51. As a result, Defendant has been unjustly enriched and has benefited at the direct expense of Oriental.

1    52.    It would be unjust and unconscionable to permit Defendant to be enriched at Oriental's expense.

WHEREFORE, Oriental demands judgment against Defendant in the amount of $480,000.00 and such other and further relief a may be just, proper, and allowable, including Oriental's pre-judgment and post-judgment interest and the costs of this suit.

Respectfully submitted,

/s/ Jeffrey Topor
Jeffrey Topor (CA Bar No. 195545)
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA  94104
Phone: (415) 283-1000
Fax: (415) 352-2625
E-mail: jtopor@snllp.com

- and -

Alan D. Leeth (CA Bar No. 199226)
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Phone: (205) 458-5499
Fax: (205) 244-5670
E-mail: aleeth@burr.com

*Counsel for Plaintiff, Hong Kong Oriental Import and Export Co. Ltd.*

**Exhibit A**

**SALES CONTRACT**

NO: CP51123

DATE: APRIL 27, 2014

**CAL PACIFIC LIMITED**
801 TRAEGER AVE., SUITE 115
SAN BRUNO, CA 94066

**Buyer Information**

| | |
|---|---|
| Contact Person: | MR. XU OF LIN'AN |
| Company Name: | DONGSHENG TRADE COMPANY |

**Notify Party**

| | |
|---|---|
| Company Name: | TO BE ADVISED |

**Commodity Information**

| | | | |
|---|---|---|---|
| PRODUCT DETAILS: | ALMONDS INSHELL - 2014 CROP | PRICE: | $2.54/LB CFR HAIPHONG |
| QUALITY: | NONPAREIL INSHELL | | SLIDING SCALE, BASIS 70% |
| QUANTITY: | 30 X 40 FT CONTAINERS (1,350,000 LBS) | | MINIMUM 67%, MAXIMUM 74% |
| PACKAGING: | 900 X 50 LB BAGS PER 40 FT CONTAINER | | |

SEPTEMBER / OCTOBER 2014 SHIPMENT

**Payment Terms**

1.) $8,000 PER CONTAINER DEPOSIT FOR 30 X 40 FT CONTAINERS OR TOTAL USD $240,000 TO BE PAID NO LATER THAN MAY 5, 2014
2.) BALANCE BY T/T BEFORE VESSEL ARRIVAL INTO HAIPHONG

**Documents**

- COMMERCIAL INVOICE
- OCEAN BILL OF LADING
- PHYTOSANITARY CERTIFICATE
- PACKING LIST
- USDA INSPECTION CERTIFICATE
- CERTIFICATE OF ORIGIN
- WEIGHT CERTIFICATE
- FUMIGATION CERTIFICATE

**Notice to the buyer**

Seller shall not be liable for delay, Default or Impossibility of performance due to any act of God, Riots, Strike, Floods, or any act beyond its control. This contract is made in duplicate, one copy of which shall be signed by the buyer and returned to the seller immediately. Failure to do so and the buyer's retention of the contract shall constitute an acceptance by the buyer of the terms and conditions herein.

| BUYER SIGNATURE | CAL PACIFIC LIMITED |
|---|---|
| Jason [stamp] 2014/4/28 | [signature] |

**COMPLAINT**
Case No.

**Exhibit B**

## SALES CONTRACT

NO: CP51127

DATE: APRIL 30, 2014

**CAL PACIFIC LIMITED**
801 TRAEGER AVE., SUITE 115
SAN BRUNO, CA 94066

**Buyer Information**

| | |
|---|---|
| Contact Person : | MR. XU OF LIN'AN |
| Company Name : | DONGSHENG TRADE COMPANY |

**Notify Party**

| | |
|---|---|
| Contact Person : | MR. LIU HUA ZHONG |
| Company Name : | THEIN AN TRADING EXPORT IMPORT |
| | JOINT STOCK COMPANY |
| | 567LE THANH TONG STREET |
| | NGO QUYEN DISTRICT, HAIPHONG CITY |
| | VIETNAM |
| | TEL: (0084) 31 3614776 |
| | FAX: (0084) 31 3614775 |

**Commodity Information**

| | | | |
|---|---|---|---|
| PRODUCT DETAILS : | ALMONDS INSHELL - 2014 CROP | PRICE : | $2.53/LB CFR HAIPHONG |
| QUALITY : | NONPAREIL INSHELL | | SLIDING SCALE, BASIS 70% MEAT YIELD |
| QUANTITY : | 30 X 40 FT CONTAINERS (1,350,000 LBS) | | MINIMUM 68% TO MAXIMUM 74% |
| PACKAGING : | 900 X 50 LB BAGS PER 40 FT CONTAINER | | |

**Shipping Information**

SPREAD SHIPMENT - OCTOBER THROUGH DECEMBER 2014 SHIPMENT

**Payment Terms**

1.) $8,000 PER CONTAINER DEPOSIT FOR 30 X 40 FT CONTAINERS OR TOTAL USD $240,000 TO BE PAID NO LATER THAN MAY 5, 2014

2.) BALANCE BY T/T BEFORE VESSEL ARRIVAL INTO HAIPHONG

**Documents**

- COMMERCIALINVOICE
- OCEAN BILL OF LADING
- PHYTOSANITARY CERTIFICATE
- PACKING LIST
- USDA INSPECTION CERTIFICATE
- CERTIFICATE OF ORIGIN
- WEIGHT CERTIFICATE
- FUMIGATION CERTIFICATE

**Notice to the buyer**

Seller shall not be liable for delay, Default or Impossibility of performance due to any act of God, Riots, Strike, Floods, or any act beyond its control. This contract is made in duplicate, one copy of which shall be signed by the buyer and returned to the seller immediately. Failure to do so and the buyer's retention of the contract shall constitute an acceptance by the buyer of the terms and conditions herein.

| BUYER SIGNATURE | CAL PACIFIC LIMITED |
|---|---|
| Jason | |

**Exhibit C**

## SALES CONTRACT

NO: CP51130

DATE : MAY 9, 2014

**CAL PACIFIC LIMITED**
801 TRAEGER AVE., SUITE 115
SAN BRUNO, CA 94066

| Buyer Information | | Notify Party | |
|---|---|---|---|
| Contact Person : | MR. XU OF LIN'AN | Contact Person : | MR. LIU HUA ZHONG |
| Company Name : | DONGSHENG TRADE COMPANY | Company Name : | THEIN AN TRADING EXPORT IMPORT JOINT STOCK COMPANY |
| | | | 567 LE THANH TONG STREET |
| | | | NGO QUYEN DISTRICT, HAIPHONG CITY |
| | | | VIETNAM |
| | | | TEL: (0084) 31 3614776 |
| | | | FAX: (0084) 31 3614775 |

**Commodity Information**

| | | | |
|---|---|---|---|
| PRODUCT DETAILS : | ALMONDS INSHELL - 2014 CROP | PRICE : | $2.58/LB CFR HAIPHONG |
| QUALITY : | NONPAREIL INSHELL | | SLIDING SCALE, BASIS 70% MEAT YIELD |
| QUANTITY : | 30 X 40 FT CONTAINERS (1,350,000 LBS) | | MINIMUM 67% TO MAXIMUM 74% |
| PACKAGING : | 900 X 50 LB BAGS PER 40 FT CONTAINER | | |

**Shipment Information**

NOVEMBER / DECEMBER 2014 SHIPMENT

TO PROVIDE CONTAINER INSURANCE FOR 30 X 40 FT CONTAINERS, INSURANCE EXPENSE FOR 30 CONTAINERS TO BE PAID BY BUYER

**Payment Terms**

1.) $8,000 PER CONTAINER DEPOSIT FOR 30 X 40 FT CONTAINERS OR TOTAL USD $240,000 TO BE PAID AT TIME OF CONTRACT SIGNING
2.) BALANCE BY T/T BEFORE VESSEL ARRIVAL INTO HAIPHONG

**Documents**

- COMMERCIAL INVOICE
- OCEAN BILL OF LADING
- PHYTOSANITARY CERTIFICATE
- PACKING LIST
- INSURANCE CERTIFICATE
- USDA INSPECTION CERTIFICATE
- CERTIFICATE OF ORIGIN
- WEIGHT CERTIFICATE
- FUMIGATION CERTIFICATE

**Notice to the buyer**

Seller shall not be liable for delay, Default or Impossibility of performance due to any act of God, Riots, Strike, Floods, or any act beyond its control. This contract is made in duplicate, one copy of which shall be signed by the buyer and returned to the seller immediately. Failure to do so and the buyer's retention of the contract shall constitute an acceptance by the buyer of the terms and conditions herein.

| BUYER SIGNATURE | CAL PACIFIC LIMITED |
|---|---|
| Jason | |